UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MICHAEL KANE, | No. 2:17-cv-1051-TLN-KJN PS |
| Plaintiff, | |
| v. | ORDER AND |
| STATE OF CALIFORNIA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

On June 20, 2017, the court granted plaintiff's motion to proceed *in forma pauperis* and dismissed plaintiff's original complaint with leave to amend. (ECF No. 3.)[1] Thereafter, on July 28, 2017, plaintiff filed a first amended complaint, which remains pending for screening in accordance with 28 U.S.C. § 1915. (ECF No. 4.)

Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

////

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(21).

1

1     A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
3  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
4  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
5  490 U.S. at 327.
6     To avoid dismissal for failure to state a claim, a complaint must contain more than "naked
7  assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of
8  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,
9  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
10 statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim
11 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
12 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
13 the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.
14 at 678. When considering whether a complaint states a claim upon which relief can be granted,
15 the court must accept the well-pled factual allegations as true, Erickson v. Pardus, 551 U.S. 89, 94
16 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v.
17 Rhodes, 416 U.S. 232, 236 (1974).
18     Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21
19 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear
20 that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding *in forma*
21 *pauperis* is ordinarily entitled to notice and an opportunity to amend before dismissal.  See Noll
22 v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th
23 Cir. 1984).  However, the court is not required to grant leave to amend when it would be futile.
24 See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).
25     In this case, plaintiff's original complaint was rambling and vaguely described
26 interactions that plaintiff allegedly had with a wide variety of individuals at what appeared to be
27 courthouses, shelters, and private businesses in the Sacramento area.  The court found that the
28 allegations in plaintiff's original complaint were so vague and conclusory that it was unable to

determine whether the current action was frivolous or failed to state a claim for relief.  More specifically, the complaint failed to identify the specific claims alleged against each named defendant, and failed to allege non-conclusory facts that, if accepted as true, would allow the court to draw a reasonable inference that the named defendants were liable for such claims.  As such, the court dismissed plaintiff's original complaint.  Nevertheless, out of abundance of caution, the court provided plaintiff with an opportunity to file an amended complaint.  (See generally ECF No. 3.)

As noted above, plaintiff subsequently filed a first amended complaint.  (ECF No. 4.)  The first amended complaint does not cure the deficiencies identified by the court, and again makes numerous vague and conclusory allegations of purportedly torturous acts and horrendous treatment against the State of California, the City and County of Sacramento, Regional Transit, and other entities such as supermarkets and hospitals.  Those claims are unsupported by any specific factual allegations and appear to be frivolous.

The only somewhat concrete claim that the court can identify in the first amended complaint relates to alleged improper enforcement of plaintiff's child support payments.  However, family law disputes are domestic relations matters traditionally within the domain of the state courts, and it is appropriate for federal district courts to abstain from hearing such cases, which often involve continued judicial supervision by the state.  Coats v. Woods, 819 F.2d 236 (9th Cir. 1987).  If plaintiff believes that the amount of his child support payments is incorrect, or that such payments are inappropriately enforced, the proper recourse is to seek relief through the state courts.

The court has carefully considered whether further leave to amend should be granted.  Plaintiff has already been notified of the deficiencies of his claims, has been provided with an opportunity to correct them, but has failed to do so.  Therefore, and because plaintiff's claims also appear frivolous, the court finds that granting further leave to amend would be futile.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's first amended complaint be dismissed without further leave to amend.
2. The action be dismissed with prejudice.

3

3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of those findings and recommendations. With the exception of objections to the findings and recommendations and non-frivolous motions for emergency relief, the court will not entertain or respond to further motions or other filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: September 26, 2017

_/s/ Kendall J. Newman_
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE